HERBERT SIMONS AND SARA SIMONS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40976. Promulgated April 25, 1930.

*Milton A. Kamsler, Esq.*, for the petitioners.
*W. F. Gibbs, Esq.*, for the respondent.

OPINION.

SEAWELL: The applicable law in this case is found in the Revenue Act of 1924, and is as follows:

SEC. 202. (b) In computing the amount of gain or loss under subdivision (a) proper adjustment shall be made for (1) any expenditure properly chargeable to capital account, and (2) any item of loss, exhaustion, wear and tear, obsolescence, amortization, or depletion, previously allowed with respect to such property.

The petitioner's counsel admits the depreciation claimed but insists that it was error for them to take such depreciation as a deduction from income as they did and that it should be stricken out and not be in their return nor be taken into consideration by the Commissioner in any manner, in the computation of petitioner's gain or profit from the sale of the apartment house, because such depreciation had not been previously allowed.

In behalf of the Commissioner it is insisted that the $12,638.88 depreciation deduction claimed by and allowed to the petitioners in their 1924 tax return was legal and proper and having been so claimed and allowed, the profit or gain derived from the sale of the apartment house in 1924 as reported on petitioner's tax return for that year should be increased by said amount.

The contention of the Commissioner in this instance is, in our opinion, in accord with the purpose and policy of our revenue statutes, as the same have been interpreted and construed by the courts and this Board.

In *Capital City Investment Co.*, 4 B. T. A. 933, we held:

In determining the profit on the sale in 1919 of a leasehold acquired prior to March 1, 1913, the value at the basic date should be reduced by the amount of exhaustion taking place between that date and the date of sale.

The same principle was stated in *Even Realty Co.*, 1 B. T. A. 355, and repeatedly approved by this Board in numerous cases.

In *Rieck* v. *Heiner*, 25 Fed. (2d) 453, decided by the Court of Appeals for the Third Circuit and in which certiorari was denied, and the same principle approved, Judge Woolley, in delivering the opinion of the court, said:

Since the District Court rendered its decision, the Supreme Court, in *United States* v. *Ludey*, 274 U. S. 295, 47 S. Ct. 608, 71 L. Ed. 1054, has set at rest the question of law tried below—whether under the cited revenue acts a gain in the sale of property, required to be included in taxable income of a tax year, is to be determined merely by the difference between cost, or value on March 1, 1913, and the sale price, or by using cost or value on that date as the basis of a calculation into which other factors, and particularly that of depreciation, enter. That court construed the revenue acts prior to the Act of 1924, 43 Stat. 253 (the first to be specific) having like provisions and held (in accord with the court below) that in computing the gain from a sale of property a deduction of depreciation during the period of operation shall be made.

Therefore, the first question as tried to the court below has been cleared of its legal phases and is now reduced to one fact, whether the amount the Commissioner deducted for depreciation is right.

Upon the idea or theory of petitioners, there might be as much or more depreciation on the apartment house in 1924 (it might be sold on the last day of that year) than in 1923, but no notice should be taken of such depreciation by the Commissioner nor by the petitioners in their return for 1924, because such depreciation had not been "previously allowed" by the Commissioner. As regards the gain or profit *from the sale* of the apartment house, no depreciation deduction for the year in which sale of same was made could be claimed or allowed previous to the sale and the filing of the return for that year.

In the instant case there was depreciation in the year of the sale in an amount agreed upon as correct and after such deduction was allowed it was, as regards the computation to ascertain the gain arising from the sale, "previously allowed" within the meaning of the statute under consideration. In *Duncan-Homer Realty Co.*, 6 B. T. A. 730, 732, relied on by petitioners, it was stated:

\* \* \* If the deduction is allowed, the basis for determining the gain is reduced by the amount thereof and the gain is correspondingly increased. \* \* \*

The issue as to whether the basis for determining gain or loss upon the sale of property should be reduced by the amount of depreciation sustained has already been decided adversely to the petitioner. (Citing numerous cases.)

The reason petitioners wish the $12,638.88 depreciation eliminated from their return and from consideration in computing the tax in question is because the taxes, normal and surtax, which they must pay on the $12,638.88 increase in their ordinary net income is less than 12½ per cent tax which they must pay upon a like increase in capital gain or profit from the sale of the apartment house if such depreciation is taken.

There is no dispute about the depreciation actually sustained in 1924 before the sale of the apartment house. It was $12,638.88. The petitioners claimed it in their return as filed and it was allowed by the Commissioner, who correspondingly increased petitioners' gain on the sale, as shown on their return. In our opinion he committed no error.

*Judgment will be entered under Rule 50.*